SUMMERS, Justice
(dissenting).
Thrift Homestead Association could convey no title whatsoever to the Louisiana Highway Commission by the deed of December 6, 1937, for title to that property was then vested in the State of Louisiana by a valid adjudication for the nonpayment of taxes. An examination of the public records by the Highway Commission would have revealed this fact. To excuse them for their failure to conduct this examination diligently is to disregard our laws of registry.
After its purported acquisition of the property, the Department of Highways (successor to the Highway Commission) constructed a highway across a portion thereof. Klause does not claim that portion and its title is not in question.
The only question remaining is whether the leasing by the Department of Highways to the Department of Public Safety in 1947 of that portion of the property remaining after construction of the highway caused *418 that property subject to the lease, which prior to that time was susceptible of private ownership, to lose that quality in consequence of the leasing. That is, could the leasing of the property be considered to have “applied” the property to a public purpose as contemplated by Article 482 of the LSA-Civil Code. The Department of Highways being without title to the property could not grant a valid lease to the Department of Public Safety. Consequently, the property could not by virtue of that lease be validly “applied to a public use.”
To hold otherwise would be to say that the Department of Highways could grant a lease to a public body affecting the lands of the State and thereby destroy that property’s susceptibility to private ownership, although the Department of Highways held no valid title or claim to the property affected. The legislature has not vested the department with this authority.
I respectfully dissent.